Judge Underwoop,
delivered the opinion of the court.
The only question in this case is, did the court err in instructing the jury, that the covenant sued on was not the act and deed of the appellees? We concur with the circuit court. The instrument declar ed on was signed thus, “R. Winchester, agent for the T. R. Comp’y.” According to the cases of Patterson, &c. vs. Henry, (manuscript;) McBean vs. Morrison, I Mar., 515; Offut vs. Ayres, VII Mon., 356. it was the act and deed of Winchester and not of the company. It moreover appears, that Winchester had exceeded his authority. By the orders of the managers, he was only authorized to contract for the construction of the road as far as Floyd’s Fork, from Louisville. The contract sued on, purports an engagement for the construction of the road, at a future day, beyond Floyd’s Fork, to Bull-skin. Moreover, the contracts which Winchester was authorized to make, from the tenor of the orders of the hoard, were to he predicated upon funds of which the company then had the control. The contract, in this instance, undertakes to pledge the future means of the company without limitation as to time. An instrument executed by an attorney in fact, who exceeds his power, is void, so far as it relates to the principal. If the conditions are more burdensome than those specified in the letter of attorney, the principal is not bound to 'any extent; Dehart, &c. vs. Wilson, VI Mon., 580-1.
It may be well doubted, whether the corporation could be bound by any covenant not executed under *457 the corporate seal. But there are grounds enough'll) support of the decision of the circuit court, without stirring this point.
'Crittenden-, for appellant.
The appellant does not complain that lie has performed work and labor, for which the company has refused to compensate him, but his complaint is, that the company finding that the work could be done on more advantageous terms, have let it at cheaper rates, and there- , by deprived him of the profits of his contract. The contract not being obligatory upon the Company, leaves his claim without support. It is contended, that the company acquiesced in the contract, so as to render it obligatory. We cannot ascertain the acquiescence of a corporation except from its seal or from its records.
No evidence in support of the agreement is furnished by these, and therefore it falls.
The judgment of the circuit court is affirmed,